## SUPREME COURT.

### TINKHAM agt. BORST.

A plaintiff, at whose solicitation a *receiver* has been appointed, cannot be allowed to prosecute a claim in this court for which a judgment has been already obtained for his benefit and on his behalf by the receiver, in *another court.*

*New York Special Term, November,* 1862.

DEMURRER to defendant's answer.

CLERKE, Justice. The second defence (to which the plaintiff demurs) sets forth, among other things, that the receiver, who recovered the judgment in the superior court, was appointed at the instance and request of the plaintiff, and that the action in which that judgment was recovered was commenced and prosecuted for his benefit and on his behalf, at his cost and expense, and for the purpose of obtaining satisfaction and payment of the debt and demand in the complaint in this action alleged and claimed.

It is contended in support of the demurrer, that as the plaintiff could not control the proceedings in the action in the superior court, he could not be bound by them, and that consequently a recovery in that action is no bar to this. This, however, is not the test.

If a person transfers his right of action to another, or if he authorizes another to sue for his benefit and on his behalf, or if he takes such proceedings in a court of justice,

by which any officer of the law is authorized to sue for his benefit and on his behalf, he should be concluded by any legal action prosecuted in pursuance of those proceedings. In short, one is the privy of the other. The sense which the counsel for the plaintiff gives to the term " privy," is too limited. The books mention five kinds of privies;— privies of blood, such as the heir to the ancestor; privies in representation, as executors or administrators to the deceased ; privies in estate between donor and donee, lessor and lessee; privies in respect of contract; and privies on account of estate and contract together. In this case, the receiver may be called the privy of the plaintiff by representation. He represents the interests of the plaintiff's estate, as far as the claim involved is concerned, as much as an executor or administrator represents the interests of a deceased person's estate. The authority to realize these interests is transferred from the original possessor to the person representing him, as effectually in the one case as the other; and to allow one at whose solicitation a receiver is appointed, to prosecute a claim for which a judgment has been already obtained for his benefit and on his behalf, by the receiver, would be multiplying unnecessary litigation, and encouraging what the law has always discountenanced.

The demurrer is overruled, with costs.